UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFREY D. LANDFRIED, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPOKANE COUNTY, STEVEN TUCKER, SPOKANE PROSECUTING ATTORNEY, and BOUNCEBACK, INC., a foreign corporation,<br><br>Defendants. | NO. CV-09-360-EFS<br><br>**ORDER GRANTING DEFENDANTS' JOINT MOTION TO CONTINUE COURT'S RULING ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED MOTION TO EXPEDITE AND DENYING WITH LEAVE TO RENEW PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

Before the Court, without oral argument, are Plaintiff Jeffrey D. Landfried's Motion for Class Certification (ECF No. 17), and Defendants' Joint Motion to Continue the Court's Ruling on Plaintiff's Motion for Class Certification (ECF No. 31) and related motion to expedite (ECF No. 34). Having reviewed the submitted materials and relevant authority, the Court is fully informed. The Court grants Defendants' motion to expedite pursuant to Local Rule (LR) 7.1(h)(2)(c), sets an immediate hearing on Defendants' motion to continue, and denies with leave to renew Plaintiff's motion for class certification.

ORDER * 1

## I. BACKGROUND

In 2002, BounceBack, Inc. ("BounceBack") entered into an agreement with Spokane County Prosecuting Attorney Steven Tucker establishing Spokane County's Check Enforcement Program ("CEP"). The purpose of CEP was to collect debts on returned or dishonored checks and provide those funds as restitution to victims. Under the CEP, BounceBack sends letters, which are printed on the Prosecuting Attorney's Office's letterhead, to makers of checks that have been returned unpaid due to "insufficient funds," a "closed account," or "no account." The letters 1) notify the maker that they have issued a bad check, 2) seek full payment of the debt, along with a processing fee, and 3) warn the maker of possible criminal charges. BounceBack is compensated by the processing fee.

On December 4, 2009, Plaintiff filed the instant action on behalf of himself and all persons from whom BounceBack has received any payment pursuant to the CEP. Plaintiff alleges that Defendants have violated Washington's Consumer Protection Act (WCPA), the Federal Fair Debt Collection Practices Act (FDCPA), and Washington's Collection Agency Act (WCAA). He also asserts civil rights violations under the Fourth Amendment for threatening criminal prosecution without probable cause.

On September 20, 2010, Plaintiff filed his motion for class certification; on October 4, 2010, Defendants sought to continue the Court's ruling on certification.

## II. DISCUSSION

Defendants believe that delaying the ruling on class certification until after issues of law are resolved will serve for a more expeditious and cost-efficient litigation. Defendants anticipate filing a motion for

ORDER ~ 2

summary judgment asserting that RCW 9A.56.060, which states that the uttering or delivery of a check backed by insufficient funds is prima facie evidence of intent to defraud, establishes the probable cause necessary to believe that CEP-qualifying checks were uttered or delivered with intent to defraud. Defendants anticipate that Plaintiff's civil rights claim for lack of probable cause turns on whether RCW 9A.56.060 was unconstitutional "as administered."

The Court agrees with Defendants that a determination on the issues of law before class certification will serve for a more cost efficient and expeditious litigation for all parties and the Court. Even though Plaintiff does not assert that RCW 9A.56.060 is unconstitutional "as administered" in his Complaint, it appears that Defendants will raise that statute as a defense. Thus, the constitutionality of RCW 9A.56.060 may become an issue to be resolved at summary judgment or trial. And because examination of actual intent varies with each check writer, the Court may be required to examine the facts surrounding each check writer in order to determine whether probable cause existed. The issues of law will inform the Court's decision on whether: 1) Plaintiff, as potential class representative, a) asserts claims that are typical of the entire class, *see* Fed. R. Civ. P. 23(a)(3), b) can adequately protect the interests of class members, *id*. at 23(a)(4); and 2) "questions of law or fact common to class members predominate over any questions affecting only individual members," *id*. at 23(b)(3).

In making this finding, the Court makes no determination on the merits of Plaintiff's motion for class certification; the Court only recognizes that its rulings on the proposed summary judgment motion could alter the class-certification arguments or eliminate the need for class

ORDER \* 3

certification altogether. The Court finds that a decision on class certification is not yet prudent or practicable. *See* Federal Rule of Civil Procedure 23(c)(1)(A) (stating that the district court shall certify a class "[a]t an early practicable time after the person sues or is sued as a class representative").

Plaintiff may renew his motion for class certification after the Court resolves the legal issues to be addressed in Defendants' proposed summary judgment motions. Defendants shall file their proposed motion(s) for summary judgment no later than December 13, 2010. The June 17, 2011 dispositive motion deadline otherwise remains in effect.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Joint Motion to Shorten Time to Hear Defendants' Joint Motion to Continue Court's Ruling on Plaintiff's Motion for Class Certification **(ECF No. 34)** is **GRANTED**.

2. Defendants' Joint Motion to Continue the Court's Ruling on Plaintiff's Motion for Class Certification **(ECF No. 31)** is **GRANTED**. Defendants shall file their proposed motion(s) for summary judgment **no later than December 13, 2010.**

3. Plaintiff Jeffrey D. Landfried's Motion for Class Certification **(ECF No. 17)** is **DENIED WITH LEAVE TO RENEW** after the Court has ruled on Defendant's motion for summary judgment regarding Defendant's RCW 9A.56.060 defense.

/////
////
///
//
/

ORDER * 4

1     **IT IS SO ORDERED.** The District Court Executive is directed to enter
2 this Order and distribute copies to counsel.
3     **DATED** this __1st__ day of November 2010.
4
5                               s/Edward F. Shea
                                   EDWARD F. SHEA
6                           United States District Judge
7 Q:\Civil\2009\360.class.cert.wpd
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER * 5